CENTRAL PASTO VIEJO, INC., demandante y apelada, *v.* ARTURO APONTE, JR., demandado y apelante.

No. 3588.—*Visto:* Febrero 1, 1926. *Resuelto:* Febrero 5, 1926.

APELACIÓN Y ERROR—DESESTIMACIÓN, RETIRO Y ABANDONO—FALTA DE DILIGENCIA EN TRAMITAR EL RECURSO.—Cuando más de tres años han transcurrido desde que se interpuso un recurso, el apelado-apelante ha hecho cuanto ha estado a su alcance para impulsar la apelación y del apelante-apelado ha dependido perfeccionarla en tiempo y no lo ha hecho por su falta de diligencia en tramitarla debidamente, procede desestimar el recurso interpuesto.

MOCIÓN sobre desestimación de apelación presentada por la apelada.. *Desestimada.*

*Arturo Aponte, Jr.,* abogado del apelante; *Henry G. Molina,* abogado de la apelada.

EL JUEZ ASOCIADO SEÑOR FRANCO SOTO, emitió la opinión del tribunal.

En la moción pidiendo el apelado que se desestime la apelación de este caso, se narran, sustancialmente, los siguientes hechos:

La sentencia fué dictada en diciembre 2, 1922.   Se radicó el escrito de apelación en enero 3, 1923, y las notas taquigráficas pendientes para preparar el proyecto de exposición del caso, no se obtuvieron hasta abril 12, 1924.   Luego

el apelante continuó obteniendo prórrogas de 120, 60, 90, 30, 15 y 5 días, respectivamente, archivando finalmente dicho proyecto en febrero 17, 1925, pero de tal modo deficiente que fué necesario para la parte apelada presentar en mayor extensión al proyecto original enmiendas y adiciones a la prueba testifical y documental, y aprobándose por la corte inferior a pesar de la fuerte oposición del apelante; que con el fin de acelerar la tramitación de esta apelación y someterla a esta Corte Suprema, la apelada no sólo sufragó el gasto de la preparación de una nueva exposición del caso por el secretario de la corte sino que una vez aprobada en junio 22, 1925, también a sus expensas y con el mismo fin, se preparó la transcripción de autos incluyéndose la exposición del caso, todo lo cual fué entregado al apelante en junio 23, 1925, quien con el propósito de evitar que se argumentara este caso antes de las vacaciones, retuvo dicha transcripción hasta el 21 de julio de 1925, en cuya fecha fué radicada en este tribunal; y que desde entonces se han concedido, para radicar el alegato, las siguientes prórrogas:

| FECHA | PRÓRROGA |
|---|---|
| Julio 30 | 30 días |
| Aug. 28 | 30 " |
| Sept. 25 | 30 " |
| Oct. 26 | 30 " |
| Nov. 25 | 20 " |
| Dic. 18 | 30 " |

La última prórroga venció el 18 de enero de 1926, y en la misma fecha se presentó otro escrito solicitando una nueva prórroga de 30 días que pende aún de resolución. El apelante no impugnó ninguno de los incidentes relatados y su oposición descansa únicamente en un affidavit haciendo constar que la apelación se ha radicado de buena fe; que ha estado últimamente ocupado en preparación de otro alegato y que durante varias semanas en distintos meses del año pasado él y sus familiares han estado enfermos, no habiéndose podido ocupar de ningún trabajo profesional.

Más de tres años han transcurrido desde que se interpuso el escrito de apelación y las circunstancias que concurren indican que se trata de un caso inusitado, pues si se atiende además que ésta es una apelación que es incidental al caso No. 3367, *Central Pasto Viejo, Inc.,* v. *Arturo Aponte,* resuelto en enero 29, 1926, (34 D.P.R. 890) a pesar de lo voluminoso del récord y la importancia de las cuestiones envueltas, en todo lo cual el apelante en su carácter de apelado hizo un estudio y análisis de las mismas, habiendo razón para presumir que tenía un conocimiento completo de los hechos, hay que concluir su falta de diligencia por no haber tramitado el recurso debidamente. Sería realmente injusto dejar a un apelado, que ha hecho a su vez cuanto ha estado a su alcance para impulsar la apelación, a merced de tanta dilación cuando ha dependido del apelante perfeccionar en tiempo su apelación.

*Por todo lo expuesto se niega la prórroga solicitada y se desestima el recurso.*